IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


**JAMES AARON EARNEST v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Hardeman County
No. 5036    Joe H. Walker, III, Judge**

---

**No. W2005-00714-CCA-R3-PC  - Filed October 4, 2005**

---


The Petitioner, James Aaron Earnest, appeals the trial court's denial of his motion to reopen his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because this Court is without jurisdiction to entertain this appeal, the above-captioned matter is dismissed.


**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES AND JOHN EVERETT WILLIAMS, JJ.  joined.

James Aaron Earnest, pro se.

Paul G. Summers, Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


The Petitioner, James Aaron Earnest, was "convicted of assault with intent to commit first degree murder, involving bodily injury and the use of a firearm, and of shooting into an occupied dwelling house."  *State v. James A. Earnest*, No. 3, 1989 WL 70779, * 1 (Tenn. Crim. App., at Jackson, Jun. 28, 1989).  The trial court imposed an effective sentence of thirty-five years.  *Id.* This

1

Court affirmed both convictions and the sentence on direct appeal. *Id.* Although Petitioner maintains that a petition for post-conviction relief was filed alleging the ineffective assistance of trial counsel, the record fails to verify this allegation.

On March 4, 2005, the Petitioner filed a petition to reopen his post-conviction petition. As basis for relief, Petitioner alleged that trial counsel was ineffective. In support of his claim, Petitioner complained (1) his convictions and sentences violate constitutional protections against double jeopardy, (2) his sentence was illegally enhanced in violated of *Blakely v. Washington*, (3) trial counsel was ineffective, and (4) the evidence is insufficient to support the jury's verdicts. By order entered March 14, 2005, the trial court denied the petition. In so ruling, the trial court determined that the petition was barred by the one-year statute of limitations and that the petition was not filed in the court of conviction.[1] The court further found that, if the petition were treated as a petition for habeas corpus relief, the petition is similarly denied as the Petitioner's sentence had not yet expired and the trial court had jurisdiction to enter the judgments against the Petitioner. A notice of appeal document was filed in the trial court on March 23, 2005.

The State has filed a motion to affirm the lower court's denial of relief. Specifically, the State contends that (1) the petition is untimely as a petition for post-conviction relief and (2) the petition fails to state a ground upon which to grant a motion to reopen a post-conviction petition.

### A. *Petition for Post-Conviction Relief*

Despite the Petitioner's allegations otherwise, the record before this Court fails to reflect that a prior petition for post-conviction relief was filed. It appears that the trial court treated the petition as the first petition for post-conviction relief. Accordingly, the trial court summarily dismissed the petition as time-barred.

The Petitioner's convictions were entered on September 16, 1988. This Court affirmed the convictions and sentences on June 28, 1989. At the time Petitioner's convictions became final, the statute of limitations applicable to post-conviction proceedings was three years. Tenn. Code Ann. § 40-30-102 (repealed 1995). His conviction became final in 1989. Petitioner, therefore, needed to file his petition by June 28, 1992, in order to toll the running of the statute. However, Petitioner did not file this petition for post-conviction relief until March 4, 2005, thus barring any claims he might have had.

While due process dictates that the statute of limitations not be so strictly applied as to deny a person the opportunity to have his claim heard and determined at a meaningful time and in a

---

[1]The record before this Court reveals that the convictions against the Petitioner were entered in the Hardeman County Circuit Court on September 16, 1988. The "petition to re-open post-conviction" was filed in the Hardeman County Circuit Court. Accordingly, the petition was filed in the court of conviction. *See* Tenn. Code Ann. § 40-30-104(a)..

meaningful manner, *State v. McKnight,* 51 S.W.3d 559 (Tenn. 2001); *Seals v. State,* 23 S.W.3d 272 (Tenn. 2000); *Burford v. State,* 845 S.W.2d 204 (Tenn. 1992), the exceptions to the statute of limitations are explicitly limited, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1)- (3). Petitioner asserts that a claim he alleges is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial. Specifically, Petitioner asserts that the United States Supreme Court's decision in *Blakely v. Washington* invalidates the sentences imposed by the trial court. This Court has previously held that retrospective application of the rule in *Blakely* to cases on collateral review is not required. *See Issac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*). Accordingly, Petitioner has failed to establish a ground that would toll the statute of limitations.

For these reasons, the petition to reopen, considered as an original petition for post-conviction relief, is time-barred.

### B. Motion to Re-Open Petition for Post-Conviction Relief

The Petitioner alleges that he had previously filed a petition for post-conviction relief, alleging ineffective assistance of counsel as a basis for relief. Petitioner further asserts that counsel was appointed and a hearing was held. The record is absent any verification of this petition. Notwithstanding, we proceed to address the petition as a motion to re-open a petition for post-conviction relief.

As a motion to re-open, the Petitioner's appeal fails for several reasons. First, in seeking review of the trial court's denial of a motion to reopen, a petitioner shall file, within ten days of the lower court's ruling, an application *in the Court of Criminal Appeals* seeking permission to appeal. *See* Tenn. Code Ann. § 40-30-117(c)(2003) (emphasis added); Tenn. Sup. Ct. R. 28 § 10(b). *The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion.* Tenn. Code Ann. § 40-30-117(c)(emphasis added); s*ee also* Tenn. Sup. Ct. R. 28 § 10(b). In the present case, Petitioner has failed to comply with the statutory requirements for seeking appellate review. Specifically, although timely filed, the Petitioner failed to file his application in the proper court and Petitioner failed to attach the documents filed by the parties in the trial court and the order of the trial court denying the motion.

Rules 3 and 4, Tennessee Rules of Appellate Procedure, govern <u>appeals as of right</u>. An appeal as of right is not available for review of a lower court's denial of a motion to reopen a petition for post-conviction relief. *See* Tenn. R. App. P. 3(b); *see also John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App. at Jackson, Mar. 23, 2000), *perm. to appeal denied*, (Tenn. Oct. 16, 2000).

3

In order to obtain appellate review of the trial court's order, a petitioner <u>must</u> comply with the statutory requirements contained in Section 40-30-117(c). *See John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC; *William Lee Drumbarger v. State*, No. M1999-01444-CCA-R3-PC (Tenn. Crim. App. at Nashville, Dec. 7, 1999); *Lucy Killebrew v. State*, No. 03C01-9809-CR-00320 (Tenn. Crim. App. at Knoxville, Oct. 5, 1999), *perm. to appeal denied*, (Tenn. Apr. 24, 2000). The failure of a petitioner to comply with statutory requirements governing review of a denial of a motion to reopen deprives this Court of jurisdiction to entertain such matter. *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC. Finally, neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this Court to suspend the statutory requirements. *Id.* Accordingly, this Court is without jurisdiction to entertain this matter.

Finally, even had the Petitioner properly invoked this Court's jurisdiction in this matter, a review of the motion to reopen reveals that the Petitioner has failed to allege a ground upon which such petition may be granted. Section 40-30-117, Tennessee Code Annotated, *see also* Tenn. Sup. Ct. R. 28 § 2(c), governs motions to reopen a post-conviction petition. A motion to reopen a prior post-conviction petition may only be filed if the petitioner alleges that:

> (1) a final ruling of an appellate court establishes a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or
> (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offense(s); or
> (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid.

Tenn. Code Ann. § 40-30-117(a)(1-3). If the claim is based upon a new constitutional rule of law, the claim must be brought within one year of the ruling establishing that right. Tenn. Code Ann. § 40-30-117(a)(1). If the claim is based upon an invalid prior conviction, the claim must be brought within one year of the ruling holding the prior conviction invalid. Tenn. Code Ann. § 40-30-117(a)(3).

In the present case, the Petitioner essentially asserts that the trial court abused its discretion in denying his motion to reopen his post-conviction petition because *Blakely* created a new rule of constitutional law. The ruling in *Blakely v. Washington* was rendered on June 24, 2004. This Court has previously held that retrospective application of the rule in *Blakely* to cases on collateral review is not required. *See Issac Herron v. State*, No. W2004-02533-CCA-R28-PC (Tenn. Crim. App., at Jackson, Nov. 22, 2004) (*order*); *cf. State v. Gomez,* 163 S.W.3d 632, 650-51 (Tenn.), *reh'g denied,* ( 2005) (rejecting application of *Blakely* decision to 1989 Tennessee Sentencing Act). Petitioner neither complains that the sentences were enhanced based upon a prior conviction which has been found invalid nor does he allege that new scientific evidence establishes his innocence. Accordingly, Petitioner's motion to reopen fails to allege a ground under which a post-conviction petition may be reopened.

## C. *Writ of Habeas Corpus*

Finally, we proceed, as did the trial court, to consider the petition as one seeking habeas corpus relief. It is well established that the grounds upon which habeas corpus relief may be granted in this state are narrow. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn. 2004) (citations omitted). Relief will be granted if the petition establishes that the challenged judgment is void. *Id.* A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Hickman,* 153 S.W.3d at 20 (quoting *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (citations omitted)). The petitioner bears the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). If the petitioner carries this burden, he is entitled to immediate release. *Id.*

Petitioner claims that (1) his convictions and sentences violate constitutional protections against double jeopardy, (2) trial counsel was ineffective, (3) his sentences were improperly enhanced in violation of *Blakely v. Washington*, and (4) the evidence at trial was insufficient to support his convictions. The claims challenging the Petitioner's convictions do not, even if proven, render the convictions void. *See, e.g., Passarella*, 891 S.W.2d at 627(claims of ineffective assistance of counsel render a judgment voidable, not void); *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (sufficiency of evidence not cognizable in habeas corpus proceeding); *Earl David Crawford v. Ricky Bell,* No. M2004-02440-CCA-R3-HC, 2005 WL 354106, *1 (Tenn. Crim. App., at Nashville, Feb. 15, 2005) (*Blakley* violation, if any, would only render judgment voidable, not void); *William A. Ransom v. State,* No. 01C01-9410-CR-00361, 1995 WL 555064, at *3 (Tenn. Crim. App., at Nashville, Sept. 20, 1995), *perm. to appeal denied,* (Tenn. Feb. 5, 1996) (claims involving protections against double jeopardy do not render judgment void). Thus, these claims are not cognizable in a habeas corpus proceeding. Where the allegations in a petition for writ of habeas corpus relief do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing. *McLaney v. Bell*, 59 S.W.2d 90, 93 (Tenn. 2001).

For the reasons stated herein, we conclude that the trial court did not err in summarily dismissing the petition for post-conviction relief as time-barred nor did the court err in dismissing the petition for failing to state a ground cognizable in a habeas corpus proceeding. Moreover, if treated as a motion to reopen, the Petitioner's failure to properly perfect an application for permission to appeal divested this Court of jurisdiction to consider the appeal. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE

5