IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 24, 2009 at Knoxville

## MILBURN L. EDWARDS v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 14412    Robert L. Jones, Judge**

**No. M2009-01132-CCA-MR3-HC - Filed May 27, 2010**

The pro se Petitioner, Milburn L. Edwards, appeals the summary dismissal of his petition for a writ of habeas corpus attacking his 1991 convictions for twenty-one counts of rape; two counts of first degree burglary; two counts of aggravated burglary; one count of second degree burglary; one count of aggravated rape; one count of assault with intent to commit rape; and one count of robbery. Following his convictions, the Petitioner initially received an effective sentence of life plus 415 years, which was later modified to life plus 195 years on appeal. State v. Edwards, 868 S.W.2d 682 (Tenn. Crim. App. 1993). A petition for post-conviction relief was denied by the trial court, and the denial was affirmed on appeal. Milburn L. Edwards v. State, No. M2002-02124-CCA-R3-PC, 2003 WL 23014683 (Tenn. Crim. App. Dec. 15, 2003). Two separate petitions for a writ of habeas corpus were summarily dismissed by the trial court, and their denials were affirmed on appeal. Milburn L. Edwards v. Cherry Lindamood, No. M2006-01092-CCA-R3-HC, 2007 WL 152233 (Tenn. Crim. App. Jan. 17, 2007), perm. app. denied (Tenn. April 16, 2007); Milburn L. Edwards v. State, No. M2004-01378-CCA-R3-HC, 2005 WL 544714 (Tenn. Crim. App. March 7, 2005), perm. app. denied (Tenn. Aug. 29, 2005). On March 15, 2008, the petitioner filed a third pro se petition for a writ of habeas corpus challenging his convictions on several grounds. The trial court dismissed his petition without the appointment of counsel or an evidentiary hearing. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Milburn L. Edwards, Clifton, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Joel Douglas Dicus, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

In this appeal as of right, the Petitioner contends that the trial court erred by summarily dismissing his petition without a hearing or the appointment of counsel. Among other arguments, the Petitioner also contends that his motion to set aside the order summarily dismissing the petition was never ruled upon. The State responds that the dismissal was appropriate because he has failed to show that his judgments are void or that his sentences have expired.

ANALYSIS

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). The determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the trial court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

The Petitioner contends that he should have been sentenced pursuant to the 1989 Sentencing Act instead of the 1982 Sentencing Act for several of his convictions. The Petitioner believes that he would have received a lesser sentence for these convictions under the 1989 Sentencing Act. The State responds that this issue has been addressed on direct appeal. We agree with the State.

This issue was fully litigated on direct appeal and was again addressed in the Petitioner's first petition for a writ of habeas corpus. On direct appeal, this court noted that the trial court was correct in sentencing the Petitioner in accordance with the 1982 Sentencing Act because he would have been classified as a career offender and received a greater sentence under the 1989 Sentencing Act. Edwards, 868 S.W.2d at 701-02. Following the denial of the Petitioner's first petition for a writ of habeas corpus, this court noted that this issue was "fully addressed by this court on direct appeal." Edwards, 2005 WL 544714, at *2. Habeas corpus "proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction." Gant v. State, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973) (citations omitted). Accordingly, we conclude that the Petitioner's argument is without merit and that this issue has already been fully litigated.

Next, the Petitioner contends that the judgment form does not reflect a release eligibility date for the life sentence that he received for the aggravated rape conviction in count 7. He states that the failure to include a release eligibility classification of forty percent is "additional proof that [the Petitioner's] life sentence is illegal and void." However, under the 1982 Sentencing Act, the Petitioner is only eligible for release after the service of a specified term of years as opposed to after the completion of a percentage of his sentence. Tenn. Code Ann. § 40-35-501(f) (1982) (repealed). Accordingly, pursuant to the 1982 Sentencing Act, the Petitioner would be eligible for release after serving thirty years. Id. This issue was not raised in his petition for post-conviction relief, and this type of claim is not effective in a habeas corpus petition because release eligibility classifications are "non-jurisdictional." McConnell v. State, 12 S.W.3d 795, 798 (Tenn. 2000).

The Petitioner also contends that, contrary to Tennessee Code Annotated section 40-20-107, the trial court erroneously "fixed the maximum sentences." The provision cited by the Petitioner is inapplicable to his case, and this issue was also not raised in his petition for post-conviction relief. Tennessee Code Annotated section 40-20-107 "is the old jury sentencing statute which discusses the jury's role in setting sentences for crimes committed prior to 1982." Marvin Anthony Matthews v. Charles C. Noles, Warden, No. 02C01-9206-CC-00140, 1993 WL 46546, at *2 (Tenn. Crim. App. Feb. 24, 1993), perm. app. denied (Tenn. 1993). The Defendant committed these offenses in 1988 and 1989. Accordingly, Tennessee Code Annotated section 40-35-203 applies to all of the Petitioner's sentences. Notably, both the 1982 and 1989 versions provide that "in felony and misdemeanor cases [the sentence] shall be imposed by the court." Tenn. Code Ann. § 40-35-203(a).

In his petition, the Petitioner also appears to contend that Tennessee Code Annotated section 40-35-203 mandated jury sentencing in his case because he was sentenced as a career offender for some of his convictions. The Petitioner fails to acknowledge that this section

of the statute only relates to situations where "the criminal offense for which the [petitioner] is charged carries an enhanced punishment for a second or subsequent violation of the same offense." Tenn. Code Ann. § 40-35-203(e). If the Petitioner were charged with such an offense, the indictment should have reflected the possibility of the enhanced punishment, and if the Petitioner were convicted, the jury must have then "f[ou]nd beyond a reasonable doubt [that] the defendant ha[d] been previously convicted the requisite number of times for the same offense." Tenn. Code Ann. § 40-35-203(e). Such is not the case here. The Defendant was charged and convicted of rape, first degree burglary, aggravated burglary, second degree burglary, aggravated rape, assault with intent to commit rape, and robbery. His convictions were not ones in which the Petitioner could have received an enhanced punishment for a subsequent violation of the same offense. His career offender status related to his overall criminal history and not to the type of conviction offense.

The Petitioner also contends that his sentences in counts 23, 24, and 26 are in excess of the statutory provisions and are illegal because the sentences imposed on the judgment forms are different from those pronounced by the trial court at the sentencing hearing. The State responds that this issue has also been addressed on appeal and that the transcript reflects the correct sentences for these counts. We agree with the State.

This issue has also been fully litigated in one of the Petitioner's previous petitions for a writ of habeas corpus. Edwards, 2005 WL 544714, at *2. In reviewing this issue, this court stated,

> The [P]etitioner, a Range III offender, actually received 30-year sentences, not 60-year sentences, for the rape convictions on counts 23 and 24. Likewise, the trial court ordered a sentence of 15 years, not 30, for the robbery conviction on count 26. As the [S]tate notes, the sentences were within the applicable ranges. In consequence, this issue is without merit.

Id. (citations omitted). Accordingly, we conclude that the Petitioner's argument is without merit and that this issue has already been fully litigated. Myers, 462 S.W.2d at 269.

In his reply brief, the Petitioner again contends that his claims are legally well-founded and valid; therefore, he was entitled to counsel and an evidentiary hearing. In addition, he argues that (1) the trial court erred in failing to include in its final written order findings of fact and conclusions of law and (2) all arguments raised by the State that were not raised in the motion to dismiss or in the trial court are waived. Following our review of these issues, we conclude that "[n]either claim addresses the voidness of his judgments of conviction, therefore, neither claim is proper in a petition for habeas corpus relief." State v.

-4-

<u>Willie L. Hicks</u>, No. M2006-01640-CCA-R3-PC, 2007 WL 1790446, at *2 (Tenn. Crim. App. 2007) (citing <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn.2000); <u>Archer v. State</u>, 851 S.W.2d 157, 163 (Tenn.1993)). "Furthermore, the procedure followed by the habeas court was proper." <u>Id.</u> "A trial court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition if the petitioner fails to state a cognizable claim for relief." <u>Id.</u> (citing Tenn. Code Ann. § 21-21-109). Accordingly, we conclude that the trial court did not err in summarily dismissing the petition and in declining to review the motion to set aside the order summarily dismissing the petition.

CONCLUSION

In consideration of the foregoing and the record as a whole, the habeas corpus court's denial of relief is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE