John Henry GANT, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Sept. 25, 1973.

Certiorari Denied by Supreme Court
Feb. 4, 1974.

OPINION

OLIVER, Judge.

Represented in this proceeding by retained counsel, Gant, an inmate of the State Penitentiary where he is serving a life sentence for first degree murder adjudged by the Criminal Court of Davidson County, has duly perfected an appeal to this Court from the judgment of that court dismissing without an evidentiary hearing his post-conviction petition prepared and filed by his present counsel.

Upon their direct appeal to this Court, the convictions of Gant and his co-defendant Holiday were affirmed. Gant v. State, 3 Tenn.Cr.App. 658, 466 S.W.2d 518.

In his petition Gant makes the statement with which the State agrees, that he filed a habeas corpus petition in the United States District Court in Knoxville attacking his conviction upon the ground that admission of extra-judicial statements made by his co-defendant denied him his Sixth Amendment right of confrontation contrary to Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, and that the District Court's dismissal of that petition was affirmed by the Sixth Circuit Court of Appeals.

Gant now attacks his conviction by alleging that (1) the all-white Grand Jury which indicted him was "selected by a procedure which discriminated against the inclusion of members of the black race within the membership of such grand jury"; (2) two prosecution witnesses, Chatman and Powell, perjured themselves when they testified to conversations between him and his co-defendant, when in fact they were not "in this vicinity" and they testified against him in order to secure leniency in their prosecution for other crimes; (3) the prosecution falsely indicated in its argument that the same two witnesses, who had been convicted of bank robbery, had not received and would not receive any leniency or special consideration by federal offi-

Oliver B. Dickins, Jr., Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., E. E. Edwards, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

cials with respect to their bank robbery sentences, and he "believes and therefore alleges that both Chatman and Powell were given some consideration in sentencing and parole of their offenses"; (4) he was denied his Sixth Amendment right of confrontation because so much hearsay evidence admissible against his co-defendant but not against him was introduced that the trial court's instructions were ineffective to enable the jury to discern what evidence was admissible against him; (5) he was prejudiced by the trial court's refusal to grant a severance; (6) his guilt was based upon the guilt of his co-defendant who was forced to bear the burden of proof to establish his alibi; and (7) his life sentence "was affected by the prosecution's submission" that the death penalty was appropriate and the trial court's instruction that the sentence of death was the penalty for his crime, thus placing the burden upon him to avoid the death penalty.

■ It may be well to emphasize here again that relief is available under the Post-Conviction Procedure Act of this State only when the conviction or sentence is void or voidable because of abridgement of a federal or state constitutional right. Cable v. Russell, 2 Tenn.Cr.App. 363, 454 S.W.2d 163; T.C.A. § 40–3805.

■ An evidentiary hearing upon a habeas corpus or post-conviction petition is required only when it alleges facts which, if true, would render the petitioner's conviction constitutionally void. State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310; State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165; Moran v. State, 3 Tenn.Cr.App. 118, 457 S.W.2d 886.

■ Gant's allegation about the indicting Grand Jury includes no statement of facts showing purposeful and systematic exclusion of the members of his race in the selection process. Instead, he voices mere generalities and a conclusion of his own. The law is settled that unsupported conclusory allegations in a habeas corpus or post-conviction petition do not justify or require an evidentiary hearing. Jones v. State, 2 Tenn.Cr.App. 152, 452 S.W.2d 361; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

■ The same must be said with reference to his allegation about the prosecution arguments. He does not charge as a fact that either Chatman or Powell was granted or promised any leniency in exchange for their testimony, but merely states that he believes they were granted leniency. Indeed, he alleges that the District Attorney General "indicated strongly" that · those witnesses had not received and would not receive any leniency or special consideration, and makes the bald assertion that this was false argument.

■ Likewise, his assertion that his guilt depended upon that of his co-defendant who had the burden of attempting to establish an alibi is plainly nothing more than bare conclusion and supposition.

■ By his allegation that two State witnesses committed perjury, and by his charge that much hearsay evidence admissible as to his co-defendant but not as to him was introduced, Gant obviously undertakes to review and question the sufficiency of the evidence introduced at his original trial. The law is settled beyond question that habeas corpus and post-conviction proceedings may not be employed for that purpose. Ray v. State, Tenn.Cr.App., 489 S.W.2d 849; State ex rel. Leighton v. Henderson, 1 Tenn.Cr.App. 598, 448 S.W.2d 82; Carvin v. State, 2 Tenn.Cr.App. 220, 452 S.W.2d 681; Floyd v. State, 2 Tenn.Cr.App. 250, 453 S.W.2d 418; Myers v. State, 3 Tenn.Cr.App. 414, 462 S.W.2d 265, nor to determine the question of guilt or innocence, State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; State ex rel. Dickens v. Bomar, 214 Tenn. 493, 381 S.W.2d 287. Insufficiency of trial evidence and incompetency of witnesses are not matters reviewable by post-conviction pro-

ceedings. Ray v. State, supra; State ex rel. Leighton v. Henderson, supra; Floyd v. State, supra.

Moreover, looking to the record of the original trial of Gant and his co-defendant, as we are authorized to do, State ex rel. Leighton v. Henderson, supra; Canupp v. State, 3 Tenn.Cr.App. 249, 460 S.W.2d 382; Ray v. State, supra, it appears that Gant unsuccessfully questioned the sufficiency of the evidence and admission of hearsay evidence in appealing his conviction to this Court.

This Court and the Supreme Court of Tennessee have repeatedly stated the fundamental rule that habeas corpus and post-conviction proceedings may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction. State ex rel. Carroll v. Henderson, 1 Tenn.Cr.App. 427, 443 S.W.2d 689; State ex rel. Leighton v. Henderson, supra; State v. Wright, Tenn., 475 S.W.2d 546; Ray v. State, supra, and cases therein cited.

Altogether untenable is the petitioner's charge that he was prejudiced by the trial court's refusal to grant him a severance. The same claim was rejected by this Court in affirming his conviction and, having thus been judicially determined and set at rest, it is not reviewable by collateral proceedings, for the reasons and upon the authorities cited last above.

Moreover, as stated in this Court's opinion affirming this petitioner's conviction, Gant v. State, supra, a motion for a severance is addressed to the sound discretion of the trial judge. Cole v. State, Tenn.Cr.App., 475 S.W.2d 196; Hunter v. State, 222 Tenn. 672, 440 S.W.2d 1. A trial court's exercise of judicial discretion may not be reviewed by collateral proceedings, unless such discretionary action operates to deprive the accused of constitutional rights. Ray v. State, supra; Janow v. State, Tenn.Cr.App., 470 S.W.2d 19; Wooten v. State, Tenn.Cr.App., 477 S.W.2d 767.

Finally, equally specious and altogether devoid of merit is the petitioner's assertion regarding the alleged argument of the District Attorney General and the trial court's instruction concerning capital punishment, for the perfectly obvious reason that the jury elected not to impose the death sentence in his case. The assertion that the argument and the court's instruction coming after conclusion of all the proof, placed upon the petitioner the "burden" of avoiding the death penalty is pure fantasy.

Careful examination and analysis of this petition demonstrates conclusively, as the trial judge found, that it states no legally cognizable ground for relief. It is elementary that a habeas corpus or post-conviction petition which charges no constitutional infirmity in the petitioner's conviction or sentence does not entitle him to any relief and may be dismissed by the trial court without an evidentiary hearing. Floyd v. State, supra; Guy v. State, Tenn.Cr.App., 470 S.W.2d 28; Crumley v. Tollett, Tenn.Cr.App., 474 S.W.2d 148; State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635; T.C.A. §§ 40–3805, 40–3809.

The trial record clearly established that Gant hired his co-defendant Holiday to kill James E. Utley, and that when Holiday went to Utley's home for that purpose and called him to the door and began firing at him through the glass door, one bullet fatally injured Utley's four-year-old daughter who had followed him to the door. Although Holiday did not intend to shoot the child, his killing her under the circumstances was first degree murder. Sullivan v. State, 173 Tenn. 475, 121 S.W.2d 535. While not present at the time, Gant was an accessory before the fact, equally as guilty as Holiday, as we held in affirming their convictions. Gant v. State, supra.

Affirmed.

MITCHELL and O'BRIEN, JJ., concur.