# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TORRENCE JOHNSON v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0127    Joe H. Walker, III, Judge**

---

**No. W2006-01344-CCA-R3-HC  - Filed April 3, 2007**

---

The Petitioner, Torrence Johnson, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. McLin, J., delivered the opinion of the court, in which David G. Hayes and John Everett Williams, JJ. joined.

Torrence Johnson, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

A Shelby County jury found the Petitioner, Torrence Johnson, guilty of first degree murder. *See State v. Torrance R. Johnson*, No. 02C01-0704-CR-00150 (Tenn. Crim. App., at Jackson, Mar. 15, 1999). On January 11, 1997, the Petitioner received a sentence of life imprisonment without the possibility of parole for his first degree murder conviction. *Id.* The Petitioner later sought post-conviction relief. The trial court denied relief on May 8, 2003, and no direct appeal was taken.

On May 13, 2006, the Petitioner filed, pro se, a petition for habeas corpus in the Hardeman County Circuit Court. As grounds for issuance of the writ, the Petitioner asserted that (1) trial counsel was ineffective, (2) appellate counsel was ineffective, (3) his conviction was based upon a coerced confession and (4) his conviction is based on mistaken identity. On March 29, 2006, the lower court summarily dismissed the petition, finding that it failed to state a ground cognizable in a habeas corpus proceeding. The Petitioner timely filed a notice of appeal.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963). Moreover, when the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing. *See Hickman v. State*, 153 S.W.3d 16,20 (Tenn. 2004) (citations omitted).

Petitioner alleges that he received the ineffective assistance of counsel and that his conviction is based upon a coerced confession and upon mistaken identity. The latter claims are essentially challenges to the sufficiency of the evidence and are not claims cognizable in a habeas proceeding. *See Gant v. State,* 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (holding habeas corpus relief is not available to challenge the sufficiency of the evidence). Said claims in addition to his claims regarding the ineffective performance of counsel, even if proven, would render the challenged judgments voidable rather than void. Thus, the claims raised by the Petitioner do not present cognizable claims for habeas corpus relief. *See, e.g., Luttrell v. State,* 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). The Petitioner has failed to establish any grounds that would entitle him to habeas corpus relief. Rather, these allegations, even if true, would merely render the judgments voidable, not void. As the petitioner has already sought post-conviction relief, the petition cannot be treated as a petition for post-conviction relief. *See* T.C.A. § 40-30-102(c).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ORDERED that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE