# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 12, 2005

## WILLIAM LEE DRUMBARGER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. C-9912     Steve Dozier, Judge**

_____

**No. M2004-00932-CCA-R3-CO - Filed August 2, 2005**

_____

The petitioner appeals the trial court's denial of his untitled petition, treated by the trial court as a petition for writ of habeas corpus. Upon our review, we affirm the denial of habeas relief and further conclude that the petitioner's claim was not cognizable as a petition for writ of certiorari. Therefore, we affirm the judgment of the habeas court, pursuant to Tennessee Court of Criminal Appeals Rule 20.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

William Lee Drumbarger, Henning, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Brent Cherry, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

#### Facts and Procedural History

The petitioner, William Lee Drumbarger, was indicted on five counts of aggravated rape involving five boys, ages seven though ten; and one count of aggravated sexual battery of a sixth boy, age eleven. The indictments noted the dates of the offenses to fall between October 1981 and January 1982. The petitioner was tried by a jury and convicted as charged on all counts. He was subsequently sentenced to life imprisonment for each count of aggravated rape and thirty-five years for aggravated sexual battery, with all sentences ordered concurrently. This court affirmed the convictions on direct appeal. State v. William Lee Drumbarger, No. 83-141-111 (Tenn. Crim. App., at Nashville, March 22, 1985), perm. to appeal denied (Tenn. 1985).

On October 24, 1999, the petitioner filed a *pro se* petition for post-conviction relief, which was dismissed by the post-conviction court as being outside the then three-year statute of limitations. This court affirmed the post-conviction court on appeal. See William Lee Drumbarger v. State, No. 01-C-01-9105-CR-00142, 1991 Tenn. Crim. App. LEXIS 913 (Tenn. Crim. App., at Nashville, Nov. 21, 1991), perm. to appeal denied (Tenn. 1992).

On June 10, 1998, the petitioner filed a *pro se* petition for habeas relief, contending *inter alia*, that because he performed fellatio on the victims, there was no penetration and therefore no aggravated rape. See State v. Billy McGhee, No. 5, 1987 Tenn. Crim. App. LEXIS 2576 (Tenn. Crim. App., at Jackson, April 29, 1987). The habeas court dismissed the petition for failure to comply with the procedural provisions governing habeas corpus actions. On appeal, this court affirmed the dismissal and held that the petition did not state a cognizable claim for habeas relief. See William Michael Lee, a/k/a William Lee Drumbarger v. Fred Raney, Warden, No. 02C01-9807-CC-00208, 1999 Tenn. Crim. App. LEXIS 742 (Tenn. Crim. App., at Jackson, July 20, 1999).

On December 15, 1998, the trial court dismissed the petitioner's motion to reopen his post-conviction petition, which was apparently filed sometime in June 1997. On appeal, this court upheld the trial court's dismissal and noted that the motion was not properly before the court because the petitioner failed to follow the proper procedural provisions to reopen a post-conviction petition and failed to file his motion within the requisite ten-day period prescribed by the statute. See William Lee Drumbarger v. State, No. M1999-01444-CCA-R3-PC, 1999 Tenn. Crim. App. LEXIS 1199 (Tenn. Crim. App., at Nashville, Dec. 7, 1999).

The petitioner filed another *pro se* petition for writ of habeas corpus on April 19, 2002, alleging that the indictment failed to charge him with a viable offense. Specifically, the petitioner again averred that his acts of fellatio upon the victims did not constitute aggravated rape because he did not penetrate the victims. The habeas court again dismissed the petition, finding that the petitioner "filed two prior applications for writ of habeas corpus [] raising the same or similar issue and each prior petition [had] been denied," and further finding that the indictment sufficiently charged the petitioner with a crime. See William Lee Drumbarger v. James Dukes, Warden, No. W2002-01241-CCA-R3-CO, 2002 Tenn. Crim. App. LEXIS 829 (Tenn. Crim. App., at Jackson, Sept. 27, 2002). On appeal, this court held that the petitioner's claim challenged the sufficiency of the evidence and was not cognizable in a petition for habeas relief. Id.

Most recently, the petitioner filed an "Untitled Petition" in which he again asserted that his acts of fellatio on his victims did not constitute penetration, therefore, his convictions and continued imprisonment violated his constitutional rights. Additionally, he "invite[d] the [trial court] to exercise its inherent authority and duty to convert the petition to its proper form according to the relief sought." The trial court treated the filing as a petition for writ of habeas corpus and summarily dismissed it for failure to state a cognizable claim for habeas relief. The petitioner now appeals to this court, contending that the trial court erred in converting his untitled petition to a petition for writ of habeas corpus and that the petition should have been treated as one for writ of certiorari.

<u>Analysis</u>

Initially, we note that there are a limited number of ways the petitioner's filing could have been treated. Specifically, following the direct appeal phase of the case, the petition could have been treated as a petition for post-conviction relief, a petition for writ of habeas corpus, or a petition for writ of certiorari. Had the petition been treated as one for post-conviction relief, the three-year statute of limitations applicable to the petitioner's case would have barred the petition, which was filed eleven years after his conviction.

However, the petition could be and was treated as a habeas corpus petition because such actions do not have a statutory time limit within which to file. See <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). Treating the petition as one for habeas corpus relief, the habeas court found that the claim presented was not cognizable and summarily dismissed it. We agree. As this court has previously noted, the petitioner contests the sufficiency of the evidence, a claim that cannot be challenged in a habeas corpus petition. <u>Drumbarger</u>, 2002 Tenn. Crim. App. LEXIS 829, at *5-6; <u>see</u> <u>also</u> <u>Gant v. State</u>, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973).

The only other possible option for the trial court was to treat the untitled petition as a writ of certiorari; however, it appears that the petitioner's claims would not be cognizable as such. Generally, the writ may not be utilized "to inquire into the correctness of a judgment issued by a court with jurisdiction." <u>Michael R. Moody v. State</u>, No. E2003-01131-SC-R11-PC, 2005 Tenn. LEXIS 107, at *4-5 (Tenn., at Knoxville, Feb. 22, 2005) (quoting <u>State v. Adler</u>, 92 S.W.3d 397, 401 (Tenn. 2002)). Rather, the writ applies when the "trial court *is without legal authority* and where no other 'plain, speedy, or adequate remedy' is available." <u>Id.</u> at *5 (emphasis added). In the present case, the petitioner does not allege that the trial court was without authority to render the judgment but, rather, seeks retroactive application of case law issued four years after his conviction. The writ of certiorari cannot be used for such a purpose; therefore, even if the trial court had treated the untitled petition as a petition for writ of certiorari, the petitioner would not have been entitled to relief.

<u>Conclusion</u>

The denial of habeas relief was proper. We further conclude that the habeas court did not err in failing to treat the petition as one for writ of certiorari. Therefore, we affirm the habeas court in accordance with Tennessee Court of Criminal Appeals Rule 20.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-