IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 1, 2009

## JEFFERY YATES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 09-CR-9270     R. Lee Moore, Judge**

---

**No. W2009-01136-CCA-R3-HC  - Filed September 24, 2010**

---

Petitioner, Jeffery Yates, appeals the Lake County Circuit Court's dismissal of his petition for writ of habeas corpus. He contends that his 1994 convictions should have been served consecutively to his 1993 convictions because he was on bail when he committed some of the offenses.  Therefore, he argues that  his judgments of conviction are void.  After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Jeffery Yates, Tiptonville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Phillip Bivens, District Attorney General; Karen Burns, Assistant District Attorney General; and Patrick McGill, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Background

On April 23, 1993, Petitioner was convicted of the offenses of especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery by a Shelby County Jury and received an effective eighteen-year sentence.  The attempted aggravated robbery and the especially aggravated kidnapping occurred on December 23, 1991, and the aggravated kidnapping occurred on December 29, 1991.  This Court affirmed the convictions on appeal.

*State v. Jeffery Yates*, No. 02C01-9307-CR-00164, 1994 WL 466825 (Tenn. Crim. App. Aug. 31, 1994). On June 14, 1994, Petitioner pled guilty in the Shelby County Criminal Court to five counts of aggravated assault and two counts of possessing cocaine. Four of the aggravated assaults occurred on July 15, 1991, and one occurred on November 8, 1990. One of the cocaine offenses occurred on May 28, 1991, and the second occurred on March 9, 1993. Petitioner received an effective ten-year sentence to be served concurrently to the eighteen-year sentence. In 2003, Petitioner was convicted of aggravated robbery again by a Shelby County jury, and he received a thirty-year sentence as a Range III career offender. This Court affirmed the conviction and sentence on appeal. *State v. Jeffery Yates*, No. W2003-02422-CCA-MR3-CD, 2005 WL 1707974 (Tenn. Crim. App. July 21, 2005) *perm. app. denied* (Tenn. Dec. 19, 2005). Petitioner filed a petition for a writ of habeas corpus on April 10, 2006, in the Hardeman County Circuit Court alleging that he was on bail for the five aggravated assaults and one of the counts of possessing cocaine that he pled guilty to in 1994 when he later committed the offenses of especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery for which he was convicted of following a jury trial in 1993. Therefore, he contends that his effective eighteen-year sentence was illegal because he should have been required to serve it consecutively to the ten-year sentence. The habeas court denied the petition, and this Court affirmed the denial finding as follows:

> Turning to the instant case, the petitioner attached ten judgment forms to his petition. According to the judgment forms, between November 1990 and July 1991, the petitioner committed five aggravated assaults and one count of possessing cocaine. The judgment forms for the especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery at issue show that he committed those offenses in December 1991 but are silent as to whether he was on bail when he committed the offenses. Moreover, the petitioner has failed to attach any other documents to his petition which show that he was on bail for the prior six offenses when he committed the latter three offenses.

*Jeffrey Yates v. State*, No. W2006-00969-CCA-R3-HC, 2007 WL 936117 at *2 (Tenn. Crim. App. Mar. 29, 2007) *perm. app. denied* (Tenn. Aug. 13, 2007).

On November 14, 2007, Petitioner filed a second petition for a writ of habeas corpus in the Lake County Circuit Court alleging that the 1994 convictions for five counts of aggravated assault and one of his possessing cocaine convictions were void. He asserted that he was released on bail when he committed the offenses, and therefore the 1994 convictions should have been served consecutively to his 1993 convictions for especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery. The trial court

denied relief, and this Court affirmed the denial finding that Petitioner was not "currently restrained of his liberty as a result of the convictions of which he now complains. He is not entitled to habeas corpus relief from a sentence fully served." *Jeffrey Yates v. State*, No. W2007-02868-CCA-R3-HC, 2008 WL 3983111 (Tenn. Crim. App. Aug. 27, 2008) perm. app. denied (Tenn. Jan. 20, 2009).

On February 18, 2009, Petitioner filed a third petition for a writ of habeas corpus in the Lake County Circuit Court, which is the subject of this appeal. He again asserted that his 1994 convictions should have been ordered to be served consecutively to his 1993 convictions pursuant to Rule 32 of the Tennessee Rules of Criminal Procedure because he was on bail when he committed some of the offenses. Counsel was appointed, and a hearing was held on April 27, 2009. The trial court entered a written order denying relief on May 22, 2009, finding that petitioner was no longer restrained of his liberty.

## II. Standard of Review

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, that the sentence is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In this case, Petitioner argues that his 1993 convictions for especially aggravated kidnapping, aggravated kidnapping, and attempted aggravated robbery and his 1994 convictions for five counts of aggravated assault and one count of possessing cocaine are

void. He argues that he was released on bail for the offenses leading to his 1994 convictions (offenses committed between November 1990 and July 1991) when he committed the offenses leading to the 1993 convictions (offenses committed in December 1991), and therefore the effective eighteen-year sentence for those convictions should have been served consecutively to ten-year sentence imposed for his 1994 convictions. However, as noted by the State, this Court has previously determined, in an opinion from the appeal of Petitioner's second petition for a writ of habeas corpus, that Petitioner is no longer restrained as a result of his 1994 convictions. *Yates*, 2008 WL 3983111 at *2. This Court noted:

> The Petitioner is not entitled to habeas corpus relief. It is well-settled that "habeas corpus relief is not available for expired sentences that are used solely to enhance a subsequent conviction." *See Paul Wilson v. Stephen Dotson, Warden*, No. W2005-02317-CCA-R3-HC (Tenn. Crim. App., at Jackson, May 4, 2006), *perm. to appeal denied*, (Tenn. Sept. 25, 2006). Indeed, in *Hickman v. State*, 153 S.W.3d 15, 23 (Tenn. 2004), our supreme court explained:
>
>> A person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint on liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.

*Id*. Issues that have been previously determined may not be relitigated in a subsequent habeas corpus proceeding. *Gant v. State*, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973).

Because the habeas corpus petition does not state a cognizable claim for habeas corpus relief, we conclude that the trial court did not err in summarily dismissing the petition. Petitioner is not entitled to relief on this issue.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE