# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## WILLIE J. CUNNINGHAM v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-206     Joe Walker, Judge**

---

**No. W2010-00214-CCA-R3-HC  - Filed October 25, 2010**

---

The petitioner, Willie J. Cunningham, appeals the dismissal of his petition for writ of habeas corpus by the Circuit Court for Hardeman County. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals because the petition fails to state a cognizable claim for relief. Upon our review of the petition and the applicable authorities, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and ALAN E. GLENN, JJ., joined.

Willie J. Cunningham, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

In 1997, the petitioner was convicted by a Shelby County jury of especially aggravated kidnapping, a Class A felony, and aggravated robbery, a Class B felony. He was sentenced to twenty years for especially aggravated kidnapping and to ten years for aggravated robbery. The trial court ordered these sentences to run consecutively.

The petitioner appealed his convictions and his sentence. See State v. Willie J. Cunningham, No. 02C01-9801-CR-00022, 1999 WL 395415 (Tenn. Crim. App., at Jackson, June 15, 1999). He challenged the sufficiency of the evidence and argued that the trial court erred in admitting evidence of another alleged crime. Id. at *1. The petitioner also claimed

the trial court should not have imposed consecutive sentencing. Id. Specifically, he argued that:

> the trial court erroneously found him to be a "dangerous offender" as set out in T.C.A. § 40-35-115(b)(4), that there were no aggravating circumstances that would justify imposition of consecutive sentences, and that the trial court improperly relied upon several charges pending against the defendant in sentencing the defendant.

Id. at *5. This court affirmed the convictions and the sentence. Id. at *6. It found that each of the petitioner's claims regarding sentencing lacked merit. Id. at *5-6.

The petitioner filed a pro se petition for writ of habeas corpus in Hardeman County.[1] He raised numerous claims challenging his sentence. The petitioner claimed the trial court failed to consider mitigating factors, applied enhancement factors that were included in the elements of the offenses, and relied on evidence that was not in the record. He also asserted that his sentence was enhanced based on charges that were later dropped. Lastly, the petitioner claimed the trial court violated principles of Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000). He acknowledged that Blakely did not apply retroactively to this case.

The habeas corpus court dismissed the petition. It found that the alleged errors, even if true, merely rendered his judgments voidable, and not void. The habeas corpus court also rejected the Blakely argument. It referenced a prior decision from this court holding that Blakely did not apply retroactively to cases on collateral appeal. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004). The petitioner then filed a timely notice of appeal.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T. C. A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas

---

[1]The petition for writ of habeas corpus states that the petitioner filed a prior petition for post-conviction relief in February of 2008. The record does not include any information regarding the disposition of this case.

corpus petition is to contest void, not merely voidable, judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. "In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotation omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that he is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *2 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The petitioner claims in his pro se brief that he is being unlawfully detained. He argues that the trial court overlooked mitigating factors and misapplied enhancement factors. The petitioner contends the trial court should not have considered pending charges and his juvenile record. He also asserts that the trial court applied enhancement factors that were included within the elements of the offenses. The petitioner claims greater weight should have been given to the incidental nature of the kidnapping and the testimony that the victim was released unharmed. He contends the trial court also failed to consider his youth and his lack of prior felony convictions. Lastly, the petitioner offered an argument under Blakely:

> The trial court did not have authority to sentence the [petitioner] above the statutory proscribed minimum, while Blakely did not establish a watershed rule, it still remains a founded example that the trial courts can not [sic] take away from the . . . jury, it's [sic] duty.

The petitioner claims the jury, and not the trial court, was permitted to decide whether enhancement factors were present. In response, the State argues that the habeas corpus court

properly dismissed the petition. It contends the petitioner failed to show that the judgments of the trial court were void.

In viewing the record, the trial court properly determined that the petitioner's claims are not cognizable in a habeas corpus proceeding. The record does not show that the trial court lacked jurisdiction to sentence the petitioner or that the petitioner's sentence expired. The petitioner has failed to prove that the judgments of the trial court are void. This court has repeatedly stated that claims regarding the application of enhancing and mitigating factors are inappropriate for habeas corpus review. See Gregory Scott Spooner v. State, No. E2004-02160-CCA-R3-HC, 2005 WL 1584357, at *1 (Tenn. Crim. App., at Knoxville, July 7, 2005); Eddie Williams, Jr. v. David Mills, Warden, No. W2003-02353-CCA-R3-HC, 2004 WL 221297, at *2 (Tenn. Crim. App., at Jackson, Jan. 30, 2004); David A. Cross v. James M. Dukes, Warden, No. W2000-02197-CCA-R3-CO, 2001 WL 128581, at *1 (Tenn. Crim. App., at Jackson, Feb. 9, 2001) (citing Donald R. West v. State, No. 03C01-9812-CC-00437, 1999 WL 84049, at *2 (Tenn. Crim. App., at Knoxville, Feb. 19, 1999)); Alonzo Stewart v. State, No. 03C01-9810-CR-00380, 1999 WL 521195, at *1 (Tenn. Crim. App., at Knoxville, July 23, 1999) ("[A]n issue of enhancement or excessive sentence will not support a claim for habeas corpus relief.").

We are also not persuaded by the petitioner's claim under Blakely that the trial court was not authorized to enhance his sentence. Blakely was decided well after the sentencing hearing, and its holding does not apply retroactively. See Chaurice Bagley v. Stephen Dotson, Warden, No. W2008-01310-CCA-R3-HC, 2009 WL 1492066, at *2 (Tenn. Crim. App., at Jackson, May 28, 2009) (citing Donald Branch, 2004 WL 2996894, at *10 and Timothy Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2 (Tenn. Crim. App., at Nashville, May 1, 2007)). Furthermore, this court has held that Blakely claims are not cognizable in habeas corpus proceedings. See Marquise Harris v. State, No. M2009-01834-CCA-R3-HC, 2010 WL 2025406, at *2 (Tenn. Crim. App., at Nashville, May 21, 2010) (citing Donovan Davis v. State, No. M2007-00409-CCA-R3-HC, 2007 WL 2350093, at *1 (Tenn. Crim. App., at Nashville, Aug. 15, 2007); Eddie Williams, Jr. v. Jim Worthington, Warden, No. E2009-00355-CCA-R3-HC, 2010 WL 624014, at *2 (Tenn. Crim. App., at Knoxville, Feb. 22, 2010) perm. to appeal denied (Tenn. Aug. 25, 2010); Chaurice Bagley, 2009 WL 1492066, at *2.

Lastly, we note that several of the petitioner's claims were raised on direct appeal. See Willie J. Cunningham, 1999 WL 395415, at *5-6. Review of these overlapping issues is not proper. See Gant v. State, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973) (Habeas corpus proceedings "may not be employed to raise and relitigate or review questions decided and disposed of in a direct appeal from a conviction.") (citations omitted).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

CAMILLE R. McMULLEN, JUDGE