IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 20, 2010

WILLIAM E. JARVIS v. STATE OF TENNESSEE, EX REL,
JANICE L. BANE

Appeal from the Criminal Court for Davidson County
No. 4190      Steve R. Dozier, Judge

No. M2010-00137-COA-R3-CV - Filed December 29, 2010

Father previously convicted of contempt for failure to pay child support appeals the dismissal
of his petition seeking habeas corpus relief.  Finding that the petition does not allege facts
sufficient to support the issuance of a writ of habeas corpus, the judgment is affirmed.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT,
JR. and ANDY D. BENNETT, JJ., joined.

William E. Jarvis, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Mark A. Fulks, Senior Counsel,
Criminal Justice Division, for the appellee, State of Tennessee.

MEMORANDUM OPINION[1]

        William Jarvis appeals the dismissal of his petition for a writ of habeas corpus, which
he filed in Davidson County Criminal Court, seeking relief from a sentence of 180 days
incarceration, imposed as a result of the determination by the Fourth Circuit Court for
Davidson County that Mr. Jarvis was in contempt of court.  Mr. Jarvis appealed the initial

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion
would have no precedential value.  When a case is decided by memorandum opinion it shall
be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited
or relied on for any reason in any unrelated case.

finding of contempt and his conviction was affirmed. *State ex rel. Bane v. Jarvis*, No. M2008-01428-COA-R3-CV, 2009 WL 2215011 (Tenn. Ct. App. July 24, 2009) (perm. app. denied Dec. 14. 2009).

The issues Mr. Jarvis presents in this appeal are identical to those presented in the earlier appeal of his contempt conviction, namely:

(1) Whether being a poor and unemployed person that is unable to pay child support payments on time constitute 'Criminal Contempt'?

(2) Whether 180 days in jail is cruel and unusual punishment for being unemployed and poor for reasons that are beyond my powers?

(3) Whether my level of education with a Masters Degree and inability to obtain employment to meet child support payments considered to be 'Criminal Contempt'?

(4) Whether the 180 days jail sentence is a disproportional sentence for a charge that fails to comply with Rule 42 of Tennessee Rules of Criminal Procedure, showing exactly what I did to constitute criminal contempt?

The trial court dismissed Mr. Jarvis' petition on the grounds that the allegations in support of the requested relief did not demonstrate that the judgment of contempt was void or that the sentence imposed on Mr. Jarvis had expired. Inasmuch as the determination of whether habeas corpus relief should be granted is a question of law, we review the trial court's ruling *de novo*, with no presumption of correctness given to its findings or conclusions. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

A court may grant habeas corpus relief only when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers*, 212 S.W.3d at 255 (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336–37 (Tenn.1868)). A habeas corpus proceeding may not be used to question the sufficiency of the evidence in the original trial to support the conviction or to determine the question of guilt or innocence. *Gant v. State*, 507 S.W.2d 133, 136–37 (Tenn. Crim. App. 1973).

Mr. Jarvis' petition, in which he seeks to challenge the factual basis of the finding of contempt and the sentence imposed, fails to allege facts that would support the issuance of the writ sought. Moreover, the grounds upon which he bases his request for habeas corpus relief are the same as those presented in his earlier appeal of his conviction.

The judgment of the Davidson County Criminal Court is AFFIRMED.

_____
RICHARD H. DINKINS, JUDGE