IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 26, 2011

## ORTEGA WILTZ v. HOWARD CARLTON, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. X3277      Jean A. Stanley, Judge**

---

**No. E2010-02091-CCA-R3-HC - Filed June 10, 2011**

---

In August 2002, the Petitioner, Ortega Wiltz, was convicted by a jury of two counts of facilitation of especially aggravated kidnapping. He later filed a petition for habeas corpus relief in the Johnson County Circuit Court, contending that his convictions were void due to his illegal arrest based upon information from an unreliable informant and due to a violation of his due process rights because he was denied a preliminary hearing. The habeas corpus court summarily dismissed the petition, finding that the Petitioner had failed to state a cognizable claim for relief. After our review of the record, we agree and affirm the order summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Ortega Wiltz, Appellant, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Anthony Clark, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

In August 2002, a Davidson County jury found the Petitioner guilty of two counts of facilitation of especially aggravated kidnapping and one count of facilitation of aggravated kidnapping. The trial court merged the conviction for facilitation of aggravated kidnapping into one of the convictions for facilitation of especially aggravated kidnapping. As a result

of his convictions, the Petitioner was sentenced to consecutive twenty-year sentences. This Court affirmed the Petitioner's convictions and sentences on direct appeal. See State v. Christopher L. Williams, Corey A. Adams, and Ortega Wiltz, No. M2003-00517-CCA-R3-CD, 2005 WL 639123, at * 1 (Tenn. Crim. App., Nashville, Mar. 16, 2005), perm. to appeal denied, (Tenn. Oct. 10, 2005). The Petitioner subsequently sought post-conviction relief on the basis of ineffective assistance of counsel, which petition was denied by the post-conviction court after a hearing. On appeal, this Court affirmed the denial of post-conviction relief, concluding that the Petitioner had failed to establish that he received ineffective assistance of counsel at trial. See Ortega Wiltz v. State, No. M2006-02740-CCA-R3-CD, 2008 WL 1850796, at *1 (Tenn. Crim. App., Nashville, Apr. 25, 2008), perm. to appeal denied, (Tenn. Oct. 27, 2008).

On November 30, 2009, the Petitioner filed a petition for habeas corpus relief. The Petitioner's petition for writ of habeas corpus alleges that his judgments are void because: (1) "The police used unreliable information and did not test the credibility or reliability of the anonymous informant's telephone call before they arrested [the] Petitioner," and (2) "The court 'denied' [the] Petitioner due process rights under the 14th Amendment to a preliminary hearing . . . because [he] was not indicted before arrest was made." The State filed a motion to dismiss the petition, arguing that "neither of his claims is cognizable in a habeas corpus proceeding [and, e]ven assuming that his claims were true, his judgments would be merely voidable." The State further asserted that the petition could not be treated as one seeking post-conviction relief because it was filed beyond the statute of limitations and the Petitioner had already sought post-conviction relief in a prior proceeding. The habeas corpus court granted the motion, finding that "the [P]etitioner failed to raise issues cognizable in a petition for writ of habeas corpus." It is from the order of dismissal that the Petitioner appeals.

**Analysis**

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by

a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this case, the Petitioner claims that his arrest was illegal because

the police used unreliable information and did not test the credibility or reliability of anonymous informant telephone call before they arrested [the] Petitioner. . . . Police acquired photographs of the [P]etitioner by exploiting his constitutional rights . . . . Had the jury heard that there was no probable cause for [the] Petitioner's arrest, they would have never found him guilty.

The Petitioner alleges that the prosecution failed to establish the reliability of the informant and, if the jury had this information showing a lack of probable cause, he would have been found not guilty. These claims are essentially challenges to the sufficiency of the evidence and are not claims cognizable in a habeas corpus proceeding. See Gant v. State, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (holding habeas corpus relief is not available to challenge the sufficiency of the evidence). Moreover, an allegation that evidence was unlawfully obtained in violation of the Fourth Amendment would merely render such judgments voidable, not void. See generally McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001).

Additionally, the Petitioner argues that his due process rights were violated when he was denied his right to a preliminary hearing because he had not been indicted at the time of his arrest. The Petitioner's challenge, even if proven, would render his convictions voidable, not void. See Maurice Garrett v. State, No. W2009-01201-CCA-R3-CO, 2010 WL 27893, at *4 (Tenn. Crim. App., Jackson, Jan. 7, 2010) (denial of preliminary hearing merely renders conviction voidable, not void, and is, therefore, not a ground for habeas corpus relief), perm. to appeal denied, (Tenn. May 12, 2010); Patrick Dale Potter v. State, No. E2005-01183-CCA-R3-HC, 2006 WL 2406769, at *4-5 (Tenn. Crim. App., Knoxville, Aug. 22, 2006) (allegations based on an alleged due process violation are not cognizable in a petition for writ of habeas corpus because it would render the judgment merely voidable, not void).

The Petitioner has not met his burden of demonstrating that his convictions are void; none of these claims, even if true, would give rise to a void judgment. The grounds asserted in the petition are not cognizable in a habeas corpus proceeding. Moreover, the State is correct that the petition can not be treated as one for post-conviction relief because the one-year statute of limitations has expired and because the Petitioner has already sought and

been denied post-conviction relief.  See Tenn. Code Ann. § 40-30-102.  Because the petition did not state a cognizable claim for habeas corpus relief, summary dismissal was proper.

**Conclusion**

Accordingly, we affirm the Johnson County Circuit Court's summary dismissal of the petition for habeas corpus relief.

_____
DAVID H. WELLES, JUDGE

-4-