# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2011

## JARVIS HARRIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-00441      Robert Carter, Jr., Judge**

---

**No. W2010-01848-CCA-R3-PC  - Filed August 18, 2011**

---

The petitioner, Jarvis Harris, appeals the denial of his petition for post-conviction relief, which challenged his convictions of first degree premeditated murder and attempted first degree murder. In this appeal, the petitioner challenges the trial court's denial of his pretrial motion to suppress the evidence, the sufficiency of the convicting evidence, and the performance of his attorneys at trial and on appeal. Because the first two issues are either waived or previously determined, *see* T.C.A. § 40-30-106(g)-(h) (2006), and because the petitioner failed to establish by clear and convincing evidence that he was denied the effective assistance of counsel, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Vicki Carriker, Memphis, Tennessee (at evidentiary hearing), for the appellant, Jarvis Harris, pro se (on appeal).

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a December 2005 trial, a Shelby County Criminal Court jury convicted the petitioner of first degree premeditated murder and attempted first degree murder in the 2002 shootings of Montrell Graham and Maurice Wooten. According to the petitioner's pretrial statement, the April 11, 2002 shooting was the result of an altercation

between the petitioner and Mr. Wooten during an April 5, 2002 dice game. *See State v. Jarvis Harris*, W2006-02234-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Jackson, Aug. 24, 2007). The evidence adduced at trial and summarized by this court on direct appeal established that the petitioner and his co-defendant, Thaddeus Johnson, both members of the Vice Lords, planned the murder of Mr. Wooten following Mr. Wooten's alleged theft of marijuana during the April 5, 2002 dice game. *See id.*, slip op. at 6-8. According to the petitioner's pretrial statement and various participants in the murder who testified as witnesses for the State, neither the petitioner nor Mr. Johnson planned the murder of Mr. Graham, who simply happened to be in the wrong place at the wrong time. *See id.*

On direct appeal, the petitioner challenged the admission of evidence concerning his gang affiliation, the trial court's denial of his motion to suppress his pretrial statements, and the propriety of the sentences imposed. This court affirmed the convictions and life sentence imposed for first degree murder but remanded the case for resentencing of the petitioner's attempted first degree murder conviction. *See id.*, slip op. at 13. Following his unsuccessful bid at appellate relief, the petitioner filed a timely petition for post-conviction relief alleging numerous grounds for relief, including the denial of his motion to suppress and ineffective assistance of counsel.[1] The post-conviction court appointed counsel to represent the petitioner and held an evidentiary hearing in two parts on May 20 and June 29, 2010.[2]

At the evidentiary hearing, trial counsel testified that he was appointed to represent the petitioner in the case at issue and an unrelated attempted aggravated robbery case. Counsel testified that as part of his trial preparations, he "had an open-file discovery session" with the prosecutors wherein he familiarized himself with all the information in the State's possession. He said that he filed a number of pretrial motions, including an unsuccessful motion to suppress the petitioner's pretrial statement. He could not recall the precise basis of the motion, only that it was unsuccessful.

The petitioner testified that, prior to trial, he rejected a plea offer from the State for a total effective sentence of 15 years in exchange for his testimony against other participants in the offenses. The petitioner claimed that trial counsel performed deficiently

[1]The pro se petitioner's pleadings seeking post-conviction relief prior to the appointment of counsel total 135 pages and include innumerable claims beginning with the petitioner's arrest, which he claims was not supported by probable cause, and detailing errors in nearly every aspect of the petitioner's case. The various claims were condensed by the post-conviction court into nine grounds for relief.

[2]The appellate record does not contain a motion to withdraw filed by post-conviction counsel or any record that counsel was granted permission to withdraw. The petitioner filed a pro se notice of appeal and does not complain about his lack of appellate representation.

by failing to call as a witness at the suppression hearing Memphis Police Department Detective and the petitioner's cousin, Eddie Bass, Jr. The petitioner asserted that Mr. Bass's presence in the interview room during his interrogation led to his providing a false and coerced confession. The petitioner contended that Mr. Bass's presence and coercive statements formed the backbone of his motion to suppress and that trial counsel's failure to call Mr. Bass as a witness resulted in the motion's being unsuccessful.

The petitioner claimed generally that trial counsel "could have argued a little better" during both the suppression hearing and at trial, but he could not state with any specificity how counsel's performance was actually deficient. The petitioner conceded that the facts contained in his statement, which was admitted into evidence, made the charges "kind of hard to beat" and admitted that trial counsel did "the best he could" at trial considering the overwhelming evidence. Nevertheless, the petitioner maintained that trial counsel was ineffective because he failed to properly articulate the Fourth Amendment issue to the trial court.

The petitioner also asserted that his appellate counsel failed to challenge on appeal his illegal arrest. Essentially, the petitioner claimed that his statements to police should have been suppressed because he was arrested without probable cause prior to giving the statements.

Appellate counsel testified that he was appointed to represent the petitioner on appeal following trial counsel's successful motion to withdraw from the case. He stated that he selected those issues to pursue on appeal after examining the record and the motion for new trial and talking to the petitioner and his family. He could not recall anything unusual about the petitioner's appeal.

In an order detailing its findings of fact and conclusions of law, the post-conviction court denied relief. The post-conviction court concluded that four of the petitioner's claims for post-conviction relief, including his claim that his pretrial statements should have been suppressed, had been previously determined. The court determined that the petitioner failed to present any evidence to support his claims that his convictions violated double jeopardy principles, that his convictions were based on an "Anderson" violation, and that the sentencing court lacked subject matter jurisdiction. The court ruled that the petitioner failed to establish that trial counsel performed deficiently by failing to secure Eddie Bass as a witness because he failed to present Mr. Bass as a witness at the evidentiary hearing. Finally, the court concluded that the petitioner had failed to establish that trial or appellate counsel did not sufficiently investigate factual and legal issues of merit or that appellate counsel performed deficiently when choosing those issues to present on appeal.

In this appeal, the petitioner contends that the trial court erred by denying his motion to suppress his pretrial statements, that the evidence was insufficient to support his convictions, and that he was denied the effective assistance of counsel at trial. We view each of the petitioner's claims with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

## *A. Suppression and Sufficiency*

We agree with the post-conviction court and the State that issues relative to the trial court's denial of the petitioner's motion to suppress have been previously determined. *See* T.C.A. § 40-30-106(h) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence."). The petitioner filed an unsuccessful motion to suppress his statements to police, and the trial court's denial of that motion later served as an issue on direct appeal. On direct appeal, this court held that "the evidence supports the trial court's finding that the defendant knowingly, intelligently, and voluntarily waived" his constitutional rights prior to giving the statements to police. *See Jarvis Harris*, slip op. at 12. Any other claim that the petitioner's statements should have been suppressed, including the petitioner's assertion at the evidentiary hearing that the statements were the product of an illegal arrest, would qualify as waived for failure to present them at trial and on appeal. *See* T.C.A. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.").

The petitioner's challenge to the sufficiency of the convicting evidence has been waived because it was not presented in the post-conviction court, *see State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."), and because it was not raised on direct appeal, *see id.*; T.C.A. § 40-30-106(g). Moreover, "[t]he law is settled beyond question that . . . post-conviction proceedings

may not be employed" to "question the sufficiency of the evidence." *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973).

## B. Ineffective Assistance of Counsel

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

The petitioner first asserts that trial counsel performed deficiently by failing to present Eddie Bass as a witness at the suppression hearing and at trial. We agree with the post-conviction court, however, that the petitioner failed to establish this claim by clear and convincing evidence because he did not present Mr. Bass as a witness at the evidentiary hearing. "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn.

Crim. App. 1990). If he fails to do so, he generally fails to establish ineffective assistance of counsel. *Id.* The post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial. *Id.*; *see also Wade v. State*, 914 S.W.2d 97, 102 (Tenn. Crim. App. 1995).

The petitioner also asserts that appellate counsel failed to raise meritorious issues on appeal. He claims generally that appellate counsel should have raised issues regarding the deprivation of his constitutional rights during interrogation and deficiencies in the indictment. However, the petitioner presented absolutely no proof regarding either issue at the evidentiary hearing. As a result, he failed to establish by clear and convincing evidence that appellate counsel performed deficiently in his selection of those issues meriting appellate review.

The petitioner also makes myriad other, barely intelligble claims regarding the efficacy of his trial and appellate counsel. We note that the petitioner simply failed to establish that either trial or appellate counsel performed deficiently in any way.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE