IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2010 at Knoxville

**DAVID CARL DUNCAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 4168     Seth Norman, Judge**

_____

**No. M2009-02574-CCA-R3-HC - Filed October 26, 2010**

_____


The Petitioner, David Carl Duncan, appeals as of right from the Davidson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus challenging his conviction for first degree murder. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

David Duncan, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Mark A. Fulks, Assistant Attorney General, attorneys for appellee, State of Tennessee.


**OPINION**

In 1983, the Petitioner was convicted of first degree murder, armed robbery, and aggravated rape. The Petitioner received a sentence of death for the murder conviction and consecutive sentences of life imprisonment for the remaining convictions. His convictions and sentences were affirmed on direct appeal to the Tennessee Supreme Court. See State v. Duncan, 698 S.W.2d 63 (Tenn. 1985). The Petitioner filed three petitions for post-conviction relief, which were all denied following evidentiary hearings. This court affirmed the post-conviction court's denial of the three petitions for post-conviction relief. See David C. Duncan v. State, No. C.C.A. 87-6-III, 1988 WL 10072 (Tenn. Crim. App. Feb. 9, 1988), perm. app. denied (Tenn. May 2, 1988); David Carl Duncan v. State, Nos. 01C01-9311-CR-

00412, 01C01-9510-CR-00347, 1997 WL 700043 (Tenn. Crim. App. Nov. 10, 1997), perm. app. denied (Tenn. Dec. 28, 1998). The Petitioner also filed a petition for writ of habeas corpus, which was summarily denied. This court affirmed the summary denial of that petition. David Carl Duncan v. State, No. 01C01-9301-CR-00004, 1993 WL 331822 (Tenn. Aug. 26, 1993), perm. app. denied (Tenn. Dec. 28, 1993).

On October 27, 2009, the Petitioner filed a second petition for a writ of habeas corpus challenging the legality of his conviction. He alleged that his conviction for murder was void due to a fatal defect in the murder indictment. On November 24, 2009, the habeas corpus court summarily dismissed the petition because the Petitioner failed to attach the judgment of conviction and because the Petitioner's contentions were "addressed and rejected by both this court" and the supreme court. The Petitioner filed a timely notice of appeal on December 7, 2009.

## ANALYSIS

The Petitioner contends that the indictment charging him with first degree murder is void because the language of the indictment does not "constitute the crime of murder in the first degree [as] set out in [Tennessee Code Annotated section 39-2402]"and because the language of the indictment is "too vague and obscure . . . to give the [Petitioner] adequate and sufficient notice" of the charges against him. The Petitioner also contends that the criminal court lacked jurisdiction to try his case because the indictment was void. The Petitioner further contends that the trial court erred in summarily denying his petition and that the State did not comply with the procedural requirements of Tennessee Code Annotated section 29-21-116 because the State did not answer his petition for writ of habeas corpus. The State responds that summary dismissal of the petition was appropriate because the Petitioner's claims have been previously determined. The State notes that the Petitioner also failed to attach a copy of the judgment of conviction to his petition. The State further responds that appearance and answer, pursuant to Tennessee Code Annotated section 29-21-116, were not warranted when the habeas corpus court summarily dismissed the petition.

"[I]n Tennessee, [the] grounds upon which habeas corpus relief may be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (Tenn. 1968); State ex rel. Wade v. Norvell,443 S.W.2d 839 (Tenn. Crim. App. 1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsome v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers

v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). The determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. Smith v. Lewis, 202 S.W.3d 124, 127 (Tenn. 2006).

"[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). Turning to the validity of the indictment challenged by the Petitioner, we note, as stated by the habeas corpus court and contended by the State, that the Petitioner's claims have been previously addressed by this court. While the Petitioner did not raise this issue in exactly the same terms as in his previous cases, the Petitioner questions whether the indictment adequately charged first degree murder in perpetration of a felony. In 1993, this court stated, "Clearly, the indictment charges first degree murder in terms of felony murder." David Carl Duncan, 1993 WL 331822, at *1. Additionally, in 1997, this court stated that the indictment used in the Petitioner's case utilized the "standard language used in indictments for felony murder, having been approved by the Tennessee Supreme Court in Sullivan v. State, [121 S.W.2d 535, 537-78 (Tenn. 1938))]." David Carl Duncan, 1997 WL 700043, at *2. "Issues that have been previously determined may not be relitigated in a subsequent habeas corpus proceeding." Gant v. State, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973).

Additionally, the summary dismissal of the petition was proper because the Petitioner failed to attach a copy of the judgment of conviction to the petition, as required by Tennessee Code Annotated section 29-21-107. We note that, in the October 27, 2009 petition, the Petitioner attached copies of the indictment and the judgment issued by the supreme court that affirmed the Petitioner's convictions and sentences. While the Petitioner was attempting to comply with the statute by attaching a copy of the supreme court's judgment, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 260.

Relative to the Petitioner's contention that the State failed to comply with Tennessee Code Annotated section 29-21-116, the statute provides, in pertinent part, that:

(b) The person served with the writ shall state in the return, plainly and unequivocally:

(1) Whether the person then has, or at any time has had, the plaintiff in the person's control or restraint, and, if so, the authority and cause thereof, setting out the same fully;

(2) If the party is detained under a writ, warrant, or other written authority, a copy thereof shall be annexed to the return , and the original shall be produced and exhibited to the court or judge, if required, and

(3) If the person on whom the writ has been served, has had the plaintiff in the person's custody or power or under the person's restraint, at any time before or after the date of the writ, but has transferred the plaintiff to another person, that person shall state the facts explicitly, and to whom, at what time, for what cause, and by what authority such transfer was made.

Tenn. Code Ann. § 29-21-116(b). As the State was only served with the petition for a writ of habeas corpus and not an actual writ of habeas corpus, this statute was not implicated. Indeed, this court has stated that "the provisions of Code section 29-21-116 are applicable only after the writ has been issued." Victor E. McConnell v. Howard Carlton, Warden, No. E2008-00986-CCA-R3-HC, 2009 WL 1392544 (Tenn. Crim. App. May 19, 2009), perm. app. denied (Tenn. Oct. 19, 2009). Accordingly, the judgment of the habeas corpus court is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-