# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 10, 2010

## WILLIAM COLLIER v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 14856     Stella Hargrove, Judge**

---

### No. M2010-01167-CCA-R3-HC - Filed November 29, 2010

---

The petitioner, William Collier, appeals from the summary dismissal of his petition for writ of habeas corpus wherein he challenged his November 2008 convictions of possession of heroin with intent to sell or deliver within 1000 feet of a school. In this appeal, the petitioner claims entitlement to habeas corpus relief via a sentence illegality. Discerning no error, we affirm the habeas corpus court's summary dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

William Collier, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

In November 2000, a Wayne County Circuit Court jury convicted the petitioner of two counts of possession of heroin with intent to sell or deliver within 1000 feet of a school, a Class A felony, *see* T.C.A. §§ 39-17-417(a)(4) ("It is an offense for a defendant to knowingly . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance[.]"), (b) ("A violation of subsection (a) with respect to a Schedule I controlled substance is a Class B felony[.]"), 39-17-432(b) ("A violation of § 39-17-417 . . . . that occurs . . . within one thousand feet (1,000') of the real property that comprises a . . . school . . . shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation."); one count of the possession of heroin with intent to

sell or deliver, a Class B felony, *see id.* § 39-17-417(a)(4), (b); and three counts of driving on a suspended license, *see id.* § 55-50-504(a). On direct appeal, this court affirmed the convictions and accompanying 71-year effective sentence. *See State v. William Ray Collier*, No. M2001-00893-CCA-R3-CD (Tenn. Crim. App., Nashville, Feb. 4, 2002). According to his petition for writ of habeas corpus, the petitioner filed a timely but unsuccessful petition for post-conviction relief and did not appeal the denial of post-conviction relief.

In March 2010, the petitioner filed the petition for writ of habeas corpus at issue in this case, alleging that the judgments for his convictions of possession of heroin with intent to sell or deliver within 1000 feet of a school were void because the sentences imposed for those convictions were illegal. The petitioner claimed sentence illegality based upon the judgment form's reflecting a standard release eligibility percentage of 30 percent in contravention of the Drug Free School Zone Act and on the basis that he had been convicted of Class B felonies on those counts but erroneously sentenced for Class A felony convictions. The petitioner did not challenge his remaining convictions. The State filed a motion to dismiss the petition, arguing that the petitioner's sentences were not illegal and that his judgments were not void. The habeas corpus court granted the State's motion and summarily dismissed the petition for writ of habeas corpus.

The petitioner timely appealed to this court, and in this appeal he again alleges that illegality in his sentences renders his judgments void. The State submits that there is no error in the petitioner's judgments and that they are valid. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326

(1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because in the petitioner's case the trial court apparently had jurisdiction over the *actus reus*, the subject matter, and the person of the petitioner, the petitioner's jurisdictional issues are limited to the claims that the court was without authority to enter the judgments. *See Anglin*, 575 S.W.2d at 287 ("'Jurisdiction' in the sense here used, is not limited to jurisdiction of the person or of the subject matter but also includes lawful authority of the court to render the particular order or judgment whereby the petitioner has been imprisoned."); *see also Archer*, 851 S.W.2d at 164; *Passarella*, 891 S.W.2d at 627.

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "[A]n adequate record for summary review must include pertinent documents to support those factual assertions" contained in the petition. *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claims, the habeas corpus court may summarily dismiss the petition. *Id.*

Here, the petitioner was convicted of two counts of possession of heroin with intent to sell or deliver within 1000 feet of a school, a Class A felony. *See* T.C.A. §§ 39-17-417(a); 39-17-432(b). The trial court imposed sentences of 23 years on both counts, which are valid, Range I Class A felony sentences. *See id.* § 40-35-112(a)(1) ("A Range I sentence is . . . [f]or a Class A felony, not less than fifteen (15) nor more than twenty-five (25) years[.]"). In addition, the trial court correctly noted that the mandatory minimum sentence to be served is 15 years because the offenses were committed within a school zone. *See id.* § 39-17-432(b). The court also correctly noted that the petitioner was a standard, Range I felony offender while reflecting under the portion of the judgment form relating to release eligibility that the offenses occurred within a school zone. The terms of Code section 39-17-432 do not render the release eligibility classifications of the Sentencing Act wholly inapplicable but instead limit the application of the respective release eligibility percentages to that portion of the sentence that is over and above the minimum sentence within the applicable range. *See* T.C.A. § 39-17-432(c)-(e); *see also Davis v. State*, 313 S.W.3d 751, 763 (Tenn. 2010) ("[T]he possibility of early release *may* be accorded to defendants who are sentenced for committing a drug offense in a school zone and who are sentenced to serve a term of years greater than the minimum in their range, but only with respect to the years in excess of the minimum term."). The judgments in the petitioner's case accurately reflect the

sentences imposed by the trial court, and the sentences imposed by the trial court are expressly authorized by the Sentencing Act. As such, the judgments of the trial court are not void.

As to the petitioner's attempt to challenge the validity of his sentences on grounds that he was not actually convicted of committing his drug possession crimes within a school zone, that claim is waived because it has been raised for the first time on appeal. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."). To the extent that the petitioner's claim in this regard can be viewed as a challenge to the sufficiency of the convicting evidence, such a claim is not cognizable in a petition for writ of habeas corpus. *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) ("The law is settled beyond question that habeas corpus and post-conviction proceedings may not be employed" to "question the sufficiency of the evidence."). Moreover, the defendant was charged with possession of heroin in a school zone, convicted of that same Class A felony, and given a valid Class A sentence.

Accordingly, the judgment of the habeas corpus court summarily dismissing the petition for writ of habeas corpus is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE