IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 27, 2013 at Knoxville

## EDWARD PAVWOSKI  v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Maury County**
**No. 18352      Stella L. Hargrove, Judge**

**No. M2012-01004-CCA-R3-HC    Filed - February 28, 2013**

The petitioner, Edward Pavwoski, appeals the summary dismissal of his petition for writ of habeas corpus, wherein he challenged his 2009 Maury County Circuit Court guilty-pleaded convictions of two counts of rape and six counts of incest.  Because the petitioner has failed to state a cognizable ground for habeas corpus relief, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Edward Pavwoski, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On August 20, 2009, the petitioner entered pleas of guilty to two counts of rape and six counts of incest in exchange for a total effective sentence of 20 years' incarceration. On April 25, 2012, the petitioner filed a petition for writ of habeas corpus alleging that the evidence was insufficient to support his convictions, that he was denied the effective assistance of counsel at trial, that his convictions violated principles of double jeopardy, and that the trial court erred by imposing consecutive sentences.  On April 30, 2012, the habeas corpus court entered an order summarily dismissing the petition for failure to state cognizable grounds for habeas corpus relief.  The court noted that although some of the petitioner's claims were cognizable grounds for post-conviction relief, the one-year statute of limitations for filing a post-conviction petition had expired.

In this appeal, the petitioner claims entitlement to habeas corpus relief on grounds that the evidence was insufficient to support his convictions, that his guilty pleas were not knowingly and voluntarily entered, that he was denied the effective assistance of counsel at trial, and that his convictions violate double jeopardy principles.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, see U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We agree with the habeas corpus court that the petitioner has failed to state a cognizable ground for habeas corpus relief. The petitioner's claims that his guilty pleas were not knowingly and voluntarily entered, that he was denied the effective assistance of counsel, and that his convictions violate principles of double jeopardy, even if true, would render the judgments voidable rather than void. *See Archer*, 851 S.W.2d at 163-64; *Passarella*, 891 S.W.2d at 627; *see also Summers*, 212 S.W.3d at 255-56, 258. Moreover, "[t]he law is settled beyond question that habeas corpus . . . proceedings may not be employed" to challenge the sufficiency of the convicting evidence. *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973). Because the petitioner failed to state a cognizable ground for relief, summary dismissal was appropriate.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE