IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2014

## LOREN JANOSKY v. STANTON HEIDLE, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 2013-CR-29      Thomas W. Graham, Judge**

**No. E2013-02284-CCA-R3-HC - Filed March 26, 2014**

The petitioner, Loren Janosky, appeals from the denial of his petition for writ of habeas corpus, which challenged his 2003 convictions of aggravated rape and especially aggravated kidnapping. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Loren Janosky, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Ahmed A. Safeeullah, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner pleaded guilty in 2003 to two counts of aggravated rape and one count of especially aggravated kidnapping. The trial court sentenced the petitioner as a standard, violent offender and imposed 18-year sentences for each conviction, to be served concurrently for a total effective sentence of 18 years' incarceration. The petitioner did not file a direct appeal.

In 2004, the petitioner filed a petition for post-conviction relief, which petition he subsequently withdrew, and the post-conviction court dismissed the petition with prejudice. On June 28, 2006, the petitioner filed motions to withdraw his guilty pleas and to re-open his 2004 petition for post-conviction relief as well as a new petition for post-conviction relief. The post-conviction court denied the petitioner's motions and his petition for post-conviction relief, and this court affirmed the denial of relief. *See Loren Charles*

*Janosky v. State*, No. M2006-01559-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Nashville, Apr. 19, 2007), *perm. app. denied* (Tenn., Aug. 20, 2007). On November 5, 2007, the petitioner filed, pro se, an application seeking a federal writ of habeas corpus in the Western District of Tennessee, which court transferred the action to the Middle District where it was subsequently dismissed.[1] Apparently, the dismissal was affirmed by the Sixth Circuit Court of Appeals. The petitioner then sought habeas corpus relief in State court, claiming that his guilty pleas were not knowingly and voluntarily entered, and, on August 20, 2012, the habeas corpus court denied relief. The petitioner did not appeal the denial to this court.

On July 15, 2013, the petitioner again sought habeas corpus relief, alleging that the trial court failed to inform him that he had been sentenced to community supervision for life, that his pleas were not knowingly and voluntarily entered, that his especially aggravated kidnapping conviction was improper, and that his confession had been coerced. The habeas corpus court again denied relief on all grounds.

In this appeal, the petitioner claims that his pleas were not entered knowingly and voluntarily because he was not advised that he would be placed on community supervision for life or that he would be required to register as a sex offender. In addition, the petitioner argues that his especially aggravated kidnapping conviction is improper under *State v. White*, 362 S.W.3d 559 (Tenn. 2012). The State counters that the habeas corpus court correctly denied the petition because the petitioner failed to state a cognizable claim for habeas corpus relief.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. §

---

[1]The District Court's memorandum opinion was not reported in the Federal Supplement. However, the opinion was accessed through Westlaw at *Janosky v. Tennessee*, No. 3:08-0104, 2011 WL 1106717 (M.D. Tenn. Mar. 23, 2011).

29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We agree with the habeas corpus court that the petitioner has failed to state a cognizable ground for habeas corpus relief. The petitioner's claim that his pleas were not knowingly and voluntarily entered, even if true, would render the judgments voidable rather than void. *See Archer*, 851 S.W.2d at 163-64; *Passarella*, 891 S.W.2d at 627. With respect to the petitioner's claim that his conviction of especially aggravated kidnapping was improper, he contends that, pursuant to *White*, he is entitled to present to a jury the facts pertaining to that charge. *See White*, 362 S.W.3d at 577-78. The petitioner's reliance on *White* is misplaced. Not only is *White*, which was decided in 2012, inapplicable to the petitioner's 2003 convictions, *see id.* at 578 (holding that its decision does not "require retroactive application"); *see also State v. Cecil*, 409 S.W.3d 599, 608 (Tenn. 2013), *White* requires *jury* instructions on especially aggravated kidnapping and is therefore wholly inapplicable to the petitioner's case in which he *pleaded guilty* to especially aggravated kidnapping. To the extent the petitioner's argument questions the sufficiency of the evidence against him, "[t]he law is settled beyond question that habeas corpus . . . proceedings may not be employed" to challenge the sufficiency of the convicting evidence. *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973). Because the petitioner failed to state a cognizable ground for relief, denial of his petition was appropriate.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE