IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 17, 2019

**JAMES BURGESS v. DARREN SETTLES, WARDEN**[1]

**Appeal from the Circuit Court for Bledsoe County
No. 2018-CR-80    Justin C. Angel, Judge**

———————————

**No. E2019-01189-CCA-R3-HC**

———————————

The petitioner, James Burgess, appeals the Bledsoe County Circuit Court's summary dismissal of his petition for habeas corpus relief, which petition alleged that his judgments for first degree felony murder are illegal.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and ALAN E. GLENN, JJ., joined.

James Burgess, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

        A Putnam County Criminal Court jury convicted the petitioner of two counts each of second degree murder and first degree felony murder and one count each of especially aggravated burglary and reckless endangerment for the shooting deaths of the petitioner's estranged wife and her boyfriend.  *State v. James Anthony Burgess*, No. M2009-00897-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Nashville, Aug. 4, 2010). In 2007, the petitioner and Elizabeth Burgess separated after seven years of marriage, and, during the separation, Ms. Burgess remained in the house that she and the petitioner co-owned and began dating Jimmy Prewitt.  The petitioner and Ms. Burgess had one child together, J.B., and Ms. Burgess had another child, M.C., from a previous relationship.  In March 2007, Ms. Burgess obtained an ex parte order of protection

———————————

[1]     At the time of the filing of the original petition for writ of habeas corpus in this case, Kevin Hampton was the warden of the Bledsoe County Correctional Complex.

against the petitioner. After an April 20, 2007 hearing, the order of protection was extended with the modification that the petitioner could contact Ms. Burgess only to arrange visitation with J.B., but the order was not filed until May 7, 2007. *Id.*, slip op. at 2-4.

On May 5, 2007, the petitioner texted Ms. Burgess regarding J.B., and when Ms. Burgess refused to talk at that time, the petitioner approached Ms. Burgess outside of a restaurant where she was having dinner with Mr. Prewitt and her children. After "[w]ords were exchanged" between them, Ms. Burgess and her family drove away, and the petitioner "was angry and sat in his car." *Id.*, slip op. at 2. Sometime later that day, the petitioner drove to Ms. Burgess' house and called his girlfriend, Jackie Reid, to tell her that he was going to kill Ms. Burgess. When the petitioner arrived at the house, Ms. Burgess and Mr. Prewitt were outside, but they went into the house after Ms. Burgess told the petitioner she did not want to talk to him. The petitioner retrieved a gun and two loaded magazines from his car and knocked on the front door. When no one answered, the petitioner fired six shots through the door, broke a window to access and unlock the door, entered the house, and shot Ms. Burgess nine times in the living room. The petitioner then entered a room where Mr. Prewitt was shielding J.B. and M.C., and he shot Mr. Prewitt five times. The petitioner gave the children a hug and called 9-1-1, telling the operator that he had killed Ms. Burgess. *Id.*, slip op. at 2-3.

The trial court sentenced the petitioner to two consecutive life sentences. *Id.*, slip op. at 4. On appeal, this court concluded that the order of protection filed on May 7 was effective on May 1, and that the petitioner, consequently, was not an owner of the house at the time of the offenses for the purpose of the burglary statute. *Id.*, slip op. at 5-8. This court, however, modified the especially aggravated burglary conviction to aggravated burglary because the statute prohibited the dual convictions of especially aggravated burglary and murder. *Id.*, slip op. at 10. This court affirmed the petitioner's sentences. *Id.*, slip op. at 10-14.

In May 2010, the petitioner sought a writ of error coram nobis, arguing that a deed which showed that he was co-owner of the house with Ms. Burgess constituted new evidence and that he was not subject to a valid order of protection at the time of the offenses. *James A. Burgess v. State*, No. M2010-01517-CCA-R3-CO, slip op. at 1-5 (Tenn. Crim. App., Nashville, Jan. 20, 2011). This court affirmed the denial of the writ of error coram nobis, finding that the petitioner did not present any newly-discovered evidence and that the issue of whether the petitioner was an "owner" of the house at the time of the offense had been previously determined on direct appeal. *Id.*, slip op. at 6.

The petitioner then sought post-conviction relief on the ground of

ineffective assistance of counsel. *James Anthony Burgess v. State*, No. M2012-01308-CCA-R3-PC, slip op. at 1-2 (Tenn. Crim. App., Nashville, Mar. 21, 2013). This court affirmed the denial of post-conviction relief, noting again that this court had "extensively reviewed" the "status of the order of protection" on direct appeal. *Id.*, slip op. at 7.

The petitioner filed a second petition for a writ of error coram nobis in January 2015, "again challenging his aggravated burglary conviction on the basis that there was not a valid order of protection." *James Anthony Burgess v. State*, No. M2015-00584-CCA-R3-ECN, slip op. at 3 (Tenn. Crim. App., Nashville, Nov. 19, 2015). This court affirmed the denial of relief, stating, "Petitioner's claim that there was not a valid order of protection in place at the time he committed these murders has been previously adjudicated, and we will not revisit it now." *Id.*, slip op. at 4.

On November 7, 2018, the petitioner filed a petition for writ of habeas corpus, seeking relief on the ground that his convictions for first degree felony murder are illegal because the order of protection giving rise to the underlying aggravated burglary conviction was invalid. Attached to the petition are the petitioner's judgments for the first degree felony murder convictions and a partially-redacted order of the Putnam County General Sessions Court, finding the petitioner to be a threat to Ms. Burgess and setting bail conditions, including that he have no contact with Ms. Burgess and that he "vacate or stay away from [her] home." Also attached to the petition is an order of the Putnam County Chancery Court, modifying a prior order of protection to permit the petitioner to contact Ms. Burgess "strictly to set visitation" with J.B. and ordering the petitioner to begin temporary child support payments on May 1, 2007. This order was signed and filed on May 7, 2007. The State moved to dismiss the habeas corpus petition for failure to state a cognizable claim. The habeas corpus court granted the State's motion and summarily dismissed the petition.

In this appeal, the petitioner reasserts his argument that the order of protection giving rise to the aggravated burglary conviction was "fatally flawed and void ab initio" because it "lacked an end date." The petitioner contends that the alleged flaw in the order of protection renders the first degree felony murder convictions void because the convictions "rel[y] upon as one of its elements an invalid permanent, open-ended, order of protection." The State maintains that the petitioner's claim is not cognizable in a habeas corpus proceeding. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the

[habeas corpus] court." *Faulkner*, 226 S.W.3d at 361 (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, see *Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in [specified] cases . . . , may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Here, the petitioner has failed to show that he is entitled to habeas corpus relief because the judgments that he challenges are not facially invalid. *See Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004) ("[A] void judgment is one in which the judgment is *facially invalid* because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." (alteration and emphasis in original) (quoting *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000))). The record before us contains an order of the Putnam County General Sessions Court, issued pursuant to Code section 40-11-150, setting conditions of bail regarding the petitioner's contact with Ms. Burgess. The record also contains an order from the Putnam County Chancery Court modifying a prior order of protection. Neither of these documents establishes that the order of protection that the petitioner challenges is invalid. Even if the order of protection was invalid, as the petitioner suggests, nothing in the record indicates that the trial court lacked jurisdiction or authority to enter the judgment. *See id.* Furthermore, the petitioner's claim that no valid order of protection existed to support his conviction of aggravated burglary amounts to a challenge to the sufficiency of the convicting evidence, which claim is not cognizable in a habeas corpus proceeding. *See Gant v. State*, 507 S.W.2d 133, 136 (stating that "[t]he law is settled beyond question that habeas corpus . . . proceedings may not be employed" to "review and question the sufficiency of the evidence"). Consequently, because the petitioner's judgments for first degree felony murder are not void, he has failed to establish that he is entitled to habeas corpus relief.

-4-

Accordingly, we affirm the habeas corpus court's summary dismissal of the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE