IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 29, 2025

**TIMOTHY A. BAXTER v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Johnson County**
**No. CC-24-CR-120     Lisa N. Rice, Judge**

———————————————

**No. E2024-01253-CCA-R3-HC**

———————————————

The Petitioner, Timothy A. Baxter, appeals from the habeas corpus court's summary denial of his petition for writ of habeas corpus. On appeal, the Petitioner contends that the habeas corpus court erred by failing to conduct a hearing on the merits of the allegations raised in his petition, and in a related argument, by failing to order the trial court to award additional pretrial jail credits on the underlying conviction. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TOM GREENHOLTZ, JJ., joined.

Timothy A. Baxter, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Steven R. Finney, District Attorney General; and Katherine Orr, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.    FACTUAL AND PROCEDURAL HISTORY

The Petitioner was convicted in the Madison County Circuit Court on October 22, 2012, of the offense of failure to appear, a Class E felony. *See* Tenn. Code Ann. § 39-16-609. This conviction stemmed from the Defendant's failure to appear in underlying aggravated assault case 11-250 on June 13, 2011, after he had been ordered by the trial court at his May 9, 2011 arraignment to "[b]e back here [on June 13, 2011] and

keep in contact with [his] attorney." *State v. Baxter*, No. W2012-02555-CCA-R3-CD, 2014 WL 29102, at *3 (Tenn. Crim. App. Jan. 3, 2014), *perm app. denied* (Tenn. May 29, 2014). He was sentenced to serve six years in the Tennessee Department of Correction consecutive to the underlying case as well as two other cases. On direct appeal, this court rejected the Petitioner's challenge to the sufficiency of the evidence, which was based upon his assertion that "none of the State's witnesses testified that the [Petitioner] actually heard the trial [court] on May 9, 2011, express the next court appearance date," and affirmed his conviction. *Id.* at *3, *10.

In a subsequent petition for post-conviction relief, the Petitioner contended that he received ineffective assistance of counsel at trial.[1] *See Baxter v. State*, No. W2016-00563-CCA-R3-PC, 2017 WL 3822903, at *1, *5 (Tenn. Crim. App. Aug. 31, 2017), *no perm. app. filed*. The post-conviction court denied the petition following a hearing. *Id.* at *1. On appeal, this court addressed the Petitioner's ineffectiveness claim, "that trial counsel did not present evidence that the clerk's office failed to issue a criminal summons after his failure to appear," and held that the "Petitioner has not cited to any authority that requires the circuit court . . . to [issue] a criminal summons when a defendant fails to appear in court." *Id.* at *7.

The Petitioner then filed the instant petition for writ of habeas corpus on June 10, 2024. The Petitioner argued that the trial court lacked jurisdiction over his case because he was never properly served with a criminal summons pursuant to Tennessee Rule of Criminal Procedure 9. His petition and later responsive pleadings are unclear about whether he is arguing that he should have received a summons to appear in court on June 13 on the underlying aggravated assault case, or whether he should have received a summons to appear on the same date for arraignment following his indictment in an unrelated simple possession case.[2] He also seemingly contends that evidence from a

---

[1] In 2014, the Petitioner filed a petition for writ of habeas corpus, alleging ineffective assistance of counsel, government misconduct, and insufficiency of the evidence, which was dismissed in the lower court. *Baxter v. State*, No. W2014-02325-CCA-R3-HC, 2015 WL 5813374, at *1 (Tenn. Crim. App. Oct. 5, 2015). This court reversed the dismissal but, recognizing that the Petitioner's claims were not cognizable in a habeas corpus proceeding, remanded to the lower court for consideration as a petition for post-conviction relief pursuant to Tennessee Code Annotated section 40-30-105(c). *Id.* at *2.

[2] The proof at the previous post-conviction hearing showed that the Petitioner was charged in a separate count with failure to appear at his arraignment on June 13 for a simple possession charge. *Baxter*, 2017 WL 3822903, at *2-4. Because the Petitioner had been released pretrial during the pendency of the simple possession case, the trial court clerk had sent the Petitioner a "courtesy letter" informing him of his arraignment date, but the Petitioner testified that the letter had been returned to the clerk's office as "not deliverable as addressed." *Id.* The failure to appear count related to the simple possession offense was

separate charge of failure to appear was used to obtain his conviction for the instant charge, insofar as evidence in the form of a "courtesy letter" instructing him to appear was introduced at his trial after the charge the letter related to was dismissed. As a secondary issue, he alleges that his sentence would have already expired if he had been appropriately awarded additional pretrial jail credits on the judgment of conviction. The Petitioner contends that he is entitled to credit beyond that listed on his judgment, which provided credit for "03-13-2012 to 03-21-2012, 05-16-2012 to 05-22-2012, 08-03-2012 to 08-14-12, and 10-12-2012 to 10-15-2012" in addition to listing cases to which this sentence was consecutive. The habeas corpus court granted the State's motion to dismiss the petition without a hearing by written order filed on August 13, 2024, noting that the Petitioner's "judgment[ is] not illegally void."

The Petitioner filed a timely notice of appeal.

## II. ANALYSIS

The Petitioner contends that the habeas corpus court erred by dismissing his petition without conducting a hearing on the merits. The Petitioner initially argues that he is entitled to habeas corpus relief because he was not served with a criminal summons ordering him to appear in court on June 13, 2011. He additionally asserts error by way of failure to order the award of additional pretrial jail credit on his judgment, which he alleges would render his sentence expired. The State responds that the habeas corpus court properly dismissed the petition without a hearing because habeas corpus proceedings may not be used to attack the sufficiency of the evidence underlying a conviction or for the award of pretrial jail credits. We agree with the State.

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. While the right to seek a writ of habeas corpus is a constitutional right, it is regulated by statute in Tennessee. *See Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). The statute provides, with certain limited exceptions, that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101(a). However, the "grounds upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that the petitioner's

---

dismissed prior to the trial in the instant case, but the courtesy letter was provided to the Petitioner by the State during the discovery process. *Id*.

sentence has expired, and he is entitled to immediate release. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968).

"A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). A sentence imposed in direct contravention of a statute is illegal and thus, void. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *See Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *see* Tenn. Code Ann. § 29-21-109. The determination of whether to grant habeas corpus relief is a question of law, and our review is de novo. *Summers*, 212 S.W.3d at 255.

After reading the Petitioner's brief in conjunction with his petition for habeas corpus relief, the Petitioner has still not clearly articulated why he should have received a criminal summons to appear in court on June 13 in relation to the conviction he now attacks. In any event, the Petitioner's argument that the trial court was without jurisdiction to enter judgment on his case due to the absence of a criminal summons does not raise a cognizable claim for habeas corpus relief.

"The circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal[,]" Tenn. Code Ann. § 40-1-108, and "no person shall be put to answer any criminal charge but by presentment, indictment or impeachment[,]" Tenn. Const. art. I, § 14. A prosecution is commenced, among other methods, "by finding an indictment or presentment." Tenn. Code Ann. § 40-2-104. "After the grand jury returns an indictment or presentment, the clerk shall issue a capias *or* a criminal summons" to the charged defendant. Tenn. R. Crim. P. 9(a) (emphasis added). Thus, the jurisdiction of the circuit court to hear the Petitioner's case attached, and the prosecution for the same commenced, upon the grand jury's finding of an indictment in the matter. Whether the clerk issued a capias or a summons after the grand jury's finding in the instant case pursuant to Tennessee Rule of Criminal Procedure Rule 9 is of no moment to the trial court's jurisdiction to hear the subject matter in the first instance, nor does it have any bearing on the Petitioner's liability to prosecution for an offense committed at the courthouse in Madison County, Tennessee. *See* Tenn. Code Ann. § 39-11-103 ("Every person . . . is liable to punishment by the laws of this state, for an offense committed in this state[.]"). Any argument related to the lack of a summons in the simple possession case is

moot, as neither the underlying charge nor the related failure to appear count resulted in a conviction; the Petitioner is not presently imprisoned or restrained of liberty because of these charges. *See id.* § 29-21-101(a).

To the extent the Petitioner contends that evidence regarding the dismissed charge was used to obtain his conviction for the instant charge, he is impermissibly employing habeas corpus proceedings to question the sufficiency of the evidence supporting his conviction. *Gant v. State*, 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) ("The law is settled beyond question that habeas corpus . . . proceedings may not be employed [to review and question the sufficiency of the evidence introduced at . . . trial]." (citations omitted)). In the same vein, if the Petitioner's argument on this point is predicated on a claim that this evidence was inadmissible at trial, he raises an issue that, even if proven, "would render a judgment voidable, not void, and, therefore, may not constitute a ground for habeas corpus relief." *Transou v. Barbee*, No. W2012-00258-CCA-R3-HC, 2012 WL 1813115, at *3 (Tenn. Crim. App. May 17, 2012) (citation omitted). In any event, there is nothing on the face of the Petitioner's judgment indicating that it is void, which supports the habeas corpus court's summary dismissal of his petition that failed to demonstrate the same. *See Hickman*, 153 S.W.3d at 20.

As to the Petitioner's claim regarding the deprivation of pretrial jail credits, because the Tennessee Supreme Court has held that "a claim based on a trial court's failure to award pretrial jail credits is not cognizable in the context of a petition for habeas corpus relief[,]" the habeas corpus court correctly dismissed the petition. *Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (Order).

The Petitioner is not entitled to relief.

### III. CONCLUSION

Based upon the foregoing and consideration of the record as a whole, we affirm the judgment of the habeas corpus court.

 s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE

- 5 -